UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN MALICHI,

                Plaintiff,

      v.

EQUIFAX INFORMATION SERVICES, LLC
*et al.*

                Defendants.

**ORDER**
23-CV-08628 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      This is a Fair Credit Reporting Act case. On March 27, 2024, Defendant Experian served a deficiency letter on Plaintiff, identifying certain alleged deficiencies in Plaintiff's interrogatory responses and document productions. *See* ECF No. 31 at 2. On April 5, 2024, Plaintiff and Experian met and conferred about the alleged deficiencies and Plaintiff agreed to provide a response by April 19, 2024. *Id.* In addition, Experian informed Plaintiff that it "did not have a dispute letter from Plaintiff in its files relating to Plaintiff's dispute." *Id.* Following the meet and confer, on April 8, 2024, Experian "confirm[ed] that it did not have a dispute letter." *Id.* (The Court understands "dispute letter" to refer to the letter a consumer may send to a credit bureau to dispute "the completeness or accuracy of any item of information" in the consumer's credit file. *See* 15 U.S.C. § 1681i(a)(1)(A).) After receiving that confirmation, Plaintiff "offered to voluntarily dismiss the case," but Experian did not agree to the dismissal as it awaited responses to third-party subpoenas. ECF No. 31 at 2. Apparently referring to his request to voluntarily dismiss the case, "Plaintiff told Experian that he will hold off from further discovery until such time as this issue could be sorted." *Id.*

      Plaintiff's position is, to say the least, perplexing. If Plaintiff wants to dismiss this case and Experian will not agree to do so under Rule 41(a)(1)(A)(ii), he can still seek dismissal under

Rule 41(a)(2).[1]  But under no circumstances may he decide—unilaterally or otherwise—to "hold off" on meeting his discovery obligations.  "Such compliance is not optional or negotiable."  *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 631 (2d Cir. 2018).

Experian now seeks an order compelling Plaintiff "to provide adequate and complete responses to Experian's deficiency letter, including making supplemental productions."  ECF No. 31 at 2.  Experian seeks relief specifically with respect to Nos. 2, 5, 6, 8–9, 12–13, and 17 of its First Set of Interrogatories; Nos. 3, 5, 12, 14, 16, 30, 34–38, 41–42, 45, and 48–49 of its First Set of Requests for Production; and its entire Second Set of Interrogatories.  *See id.* at 2–3.  For the first two categories of documents, the Court has reviewed Experian's deficiency letter, *see* ECF No. 31-1, as well as each of the at-issue interrogatories and document requests.

On the whole, Plaintiff's responses to the first two categories of discovery requests noted above, which seek information that is plainly responsive and relevant, are woefully deficient.  Further, Plaintiff's objections contravene the basic principle that "[p]at, generic, boilerplate, and non-specific objections will not suffice."  *See In re Air Crash Near Clarence Ctr., New York, on Feb. 12, 2009*, 277 F.R.D. 251, 254 (W.D.N.Y. 2011).  As such, the issues raised in Experian's deficiency letter are well taken.  Pursuant to Rule 37, Plaintiff is ordered to revise and/or supplement his responses and productions in response to Experian's deficiency letter, in accordance with the limitations on scope agreed to by Experian both in its deficiency letter as well as in the joint status update to the Court, on or before May 24, 2024.  With respect to Experian's Second Set of Interrogatories, which the Court has also reviewed, Plaintiff is ordered to respond either by any deadline agreed to with Experian, or by May 17, 2024, whichever is earlier.

---

[1] In this vein, the Court does not appreciate Plaintiff's request for a settlement conference.  As Plaintiff must be aware, Magistrate Judge Henry is already scheduling just that.  *See* Apr. 23, 2024, Text Order; ECF No. 29.

The Court notes that fact discovery is scheduled to end on May 31, 2024, and the Court previously warned the parties that "[n]o further extensions of the parties' time to complete discovery will be granted in the absence of extraordinary circumstances." *See* Mar. 21, 2024, Text Order. That warning continues to apply, and in view of the foregoing, Plaintiff must proceed expeditiously. The Court further warns Plaintiff that failure to comply with his discovery obligations, including as specified in this Order, may result in sanctions.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        May 9, 2024